IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALEKSEI VATAZHOK,<br>A# 220-392-484,<br><br>*Petitioner*,<br><br>V.<br><br>ROSE THOMPSON, Warden, Karnes County Immigration Processing Center; *et al.*,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. SA-26-CV-06746-FB |

**ORDER DENYING WITHOUT PREJUDICE**
**PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court are Petitioner Aleksei Vatazhok's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") (ECF No. 1), the Federal Respondents' response (ECF No. 4), and Petitioner's reply (ECf No. 7). After careful consideration, the Court is of the opinion that the Petition should be denied without prejudice.

Petitioner applied for admission to the United States on April 14, 2022; was re-detained by immigration authorities on July 14, 2026; and remains mandatorily detained pursuant to 8 U.S.C. § 1225(b) pending the conclusion of his full removal proceedings. Petitioner challenges Petitioner's detention as violating the INA and Petitioner's right to due process.[1]

[1] To the extent Petitioner also asserts entitlement to habeas relief based on the Administrative Procedure Act (APA), the *Accardi* doctrine, the Fourth Amendment, the Equal Protection Clause, the Suspension Clause and *Maldonado-Bautista v. Santacruz*, all of these claims are **DISMISSED**. *See Chi v. Warden, Bluebonnet Det. Facility*, No. 26-CV-067-H, 2026 WL 1062625, at *5 (N.D. Tex. Apr. 13, 2026) (explaining that APA claims are only available when "there is no other adequate remedy in a court," and a "request for habeas relief . . . unwittingly admits that there is, in fact, an adequate remedy outside of the APA"); *Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only."); *Chi*, 2026 WL 1062625, at *6 (explaining that an *Accardi* claim "is inapposite in a petition for habeas relief"); *Antonio v. Bondi*, No. 26-CV-610, 2026 WL 1213820, at *2 (W.D. Tex. May 4, 2026) (explaining that an alleged Fourth Amendment violation "has no bearing on the legality of detention . . . during removal proceedings"); *Chi*, 2026 WL 1062625, at *4 (finding equal-protection based claim unavailing in this context, where "the primary objection to the respondents' detention policy is its over-inclusivity"); *Heredia v. Bondi*, No. 26-CV-1556, 2026 WL 1587132, at *6 (S.D. Tex. Apr. 20, 2026) (dismissing Suspension Clause claim, as "Petitioner's ability to pursue her

Petitioner's statutory basis for relief–*i.e.,* that the INA's discretionary detention provision applies and entitles Petitioner to a bond hearing–was foreclosed by a divided panel of the Fifth Circuit in *Buenrostro-Mendez v. Bondi*. *See* 166 F.4th 494, 500 (5th Cir. 2026) ("[U]nadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States."). As such, all applicants for admission, like Petitioner, are subject to mandatory detention during the pendency of removal proceedings. *Id.*

The full Fifth Circuit in *Sosnava-Rodriguez v. Vergara* has now foreclosed Petitioner's constitutional bases for relief, holding that such mandatory detentions do not violate an applicant for admission's Fifth Amendment right to due process. *See* --- F.4th ---, 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026) (en banc) ("Because Petitioners have never been admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal."); *see also id.* at *7 ("[P]rocedural due process does not require bond hearings . . . in the context of § 1225(b)(2)(A)."); *id.* at *11 ("[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and [therefore] cannot be a substantive due process right.") (quoting *Washington v. Glucksberg*, 521 U.S. 702, at 720–21 (1997)); *id.* at *12–13 (holding that duration of an applicant for admission's pre-removal detention raises no constitutional concerns).[2]

---

claims demonstrates that the writ has not been suspended"); *Tapia v. Mullin*, 834 F.Supp.3d 718, 728 (W.D. Tex. 2026) (explaining that out-of-circuit class action decision by Central District of California in *Maldonado Bautista v. Santacruz*, 820 F. Supp. 3d 1016 (C.D. Cal. Feb. 18, 2026), does not control because "the underpinning of the Central District's decision is contrary to the Fifth Circuit's *Buenrostro* decision.").

[2] The Court notes that the Fifth Circuit pretermitted the possibility that it may later entertain a due process claim from applicants for admission who have been detained for exceedingly long periods and can demonstrate that their "removal proceedings were used as a facade 'to incarcerate [them] for other reasons.'" *Sosnava-Rodriguez*, --- F.4th at ---, 2026 WL 3181188, at *13 (quoting *Demore v. Kim*, 538 U.S. 510, 533 (2003) and favorably citing *Banyee v. Garland*, 115 F4th 928, 934 (8th Cir. 2024)). The Court did not endorse this argument: it merely "d[id] not dismiss the idea." *Id.*

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED Without PREJUDICE.

IT IS FURTHER ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is now CLOSED.

It is so ORDERED.

SIGNED this 13th day of November, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE